# GLOUCESTER WATER SUPPLY COMPANY *v.* CITY OF GLOUCESTER.

## APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MASSACHUSETTS.

No. 183. Argued March 16, 1904.—Decided April 4, 1904.

Dismissed for want of jurisdiction on the authority of the preceding case.

THE facts are stated in the opinion of the court.

*Mr. Lauriston L. Scaife* and *Mr. Robert M. Morse,* for appellant.

*Mr. Albert E. Pillsbury,* with whom *Mr. George H. O'Connell* was on the brief, for appellee.

MR. JUSTICE WHITE delivered the opinion of the court.

In the main, this case is like that of *Newburyport Water Company* v. *Newburyport,* just decided.

The Gloucester Water Company was engaged in supplying the city of Gloucester and its inhabitants with water under a non-exclusive charter and a non-exclusive hydrant contract made with the city. Under the authority of a statute enacted in 1895, similar in tenor to the act of 1894 considered in the *Newburyport* case, the Gloucester company sold its plant to the city of Gloucester. After the sale the company petitioned for the appointment of commissioners to value the property. Objections were made by both parties to the award, and the objections were reserved for consideration to the full bench of the Supreme Judicial Court of Massachusetts. That court accepted the award for the sum of $576,544 with interest. 179 Massachusetts, 365. Thereafter the present suit in equity was

instituted in the Circuit Court of the United States for the District of Massachusetts, the bill filed containing substantially. similar allegations to those made in the *Newburyport* case. Similar relief was also sought, except that there was no claim that the commissioners had not made an allowance for the unexpired term of the hydrant contract. After the decision in the *Newburyport* case the Circuit Court sustained a demurrer and dismissed the bill on the merits.

For the reasons stated in the opinion delivered in the *Newburyport* case, the decree of the Circuit Court is reversed at appellant's costs, and the case remanded, with instructions to dismiss the bill for want of jurisdiction.